IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LOKELANI V. COSTALES,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>CITY AND COUNTY OF MAUI,<br>PARKS AND RECREATION DIVISION,<br><br>　　　　　　Defendant. | CIV. NO. 19-00146 JMS-KJM<br><br>ORDER GRANTING<br>DEFENDANT'S MOTION TO<br>DISMISS COMPLAINT, ECF NO.<br>13 |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT, ECF NO. 13

## I. **INTRODUCTION**

Before the court is Defendant County of Maui, Parks and Recreation Division's ("Defendant" or the "County") Motion to Dismiss pro se Plaintiff Lokelani V. Costales' ("Plaintiff") Complaint. ECF No. 13. For the reasons set forth below, the Motion is GRANTED.

## II. **BACKGROUND**

### A.　　Factual Background

As alleged in the Complaint, on December 28, 2014, Plaintiff's son, Ehukai H. Dennis, died after he "struck his head" on "an unlocked, unhatched swinging . . . fence" at a County park in Makawao, Maui. Compl. at 1, ECF No. 1; *see* Death Certificate, Ex. 1, ECF No. 1-1 (indicating that Plaintiff's son "struck a

fence post"). At the time of the crash, Plaintiff's son was six years of age and was riding a "mini-motorbike." Compl. at 1. The Complaint alleges that the cause of the crash was a "missing gate latch." *Id.* at 1, 2.

Plaintiff asserts a claim pursuant to 42 U.S.C. § 1983 for violation of the Eighth Amendment to the United States Constitution, and state-law claims for wrongful death and negligence.[1] *Id.* at 2. Plaintiff seeks $12 million in compensatory and punitive damages. *Id.*

## B. Procedural Background

Plaintiff initiated this action by filing the Complaint on March 22, 2019. ECF No. 1. Defendant filed the instant Motion on May 14, 2019. ECF No. 13. Plaintiff filed an Opposition on June 6, 2019, and Defendant filed a Reply on June 19, 2019. ECF Nos. 17, 19. A hearing was held on July 15, 2019.

## III. <u>STANDARDS OF REVIEW</u>

## A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims over which it lacks proper subject matter jurisdiction. The court may

---

[1] The Complaint also references 28 U.S.C. §§ 1346(b), 2401(b), and 2671-80, which, taken together, are known as the Federal Tort Claims Act ("FTCA"). Compl. at 2, ECF No. 1 at PageID #2. The FTCA waives the federal government's sovereign immunity for torts committed by federal officials acting within the scope of their employment. *See Terbush v. United States*, 516 F.3d 1125, 1128-29 (9th Cir. 2008) (citing 28 U.S.C. § 1346(b)(1)). But the Complaint does not allege any facts suggesting tortious conduct by any federal official. Thus, the court does not construe the Complaint as asserting an FTCA claim.

determine jurisdiction on a motion to dismiss for lack of jurisdiction under Rule 12(b)(1) so long as "the jurisdictional issue is [not] inextricable from the merits of a case . . . ." *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008). The moving party "should prevail [on a motion to dismiss] only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Casumpang v. Int'l Longshoremen's & Warehousemen's Union, Local 142*, 269 F.3d 1042, 1060 (9th Cir. 2001) (citation and quotation marks omitted); *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

**B.      Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted." Dismissal is appropriate where the complaint lacks a cognizable legal theory or if its factual allegations do not support a cognizable legal theory. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)). The court may also "dismiss a complaint sua sponte under [Rule] 12(b)(6) . . . without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see also Barnard v. U.S. Gov't*, 635 F. App'x 388,

388 (9th Cir. 2016) (affirming sua sponte dismissal of complaint where the "claims lacked any arguable basis in law or fact").

## C.    Pro Se Pleadings

Because Plaintiff is proceeding pro se, the court liberally construes her Complaint and resolves all doubts in her favor.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  The court must grant leave to amend if it appears that Plaintiff can correct the defects in her Complaint, *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000), but if a claim or complaint cannot be saved by amendment, dismissal with prejudice is appropriate.  *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013); *see also Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (reiterating that a district court may deny leave to amend for, among other reasons, "repeated failure to cure deficiencies by amendments previously allowed . . . [and] futility of amendment") (citation omitted).

## IV. <u>DISCUSSION</u>

The County seeks dismissal of the Complaint arguing in part that the Complaint fails to assert a cognizable basis for federal subject matter jurisdiction. The court agrees.

///

///

## A.    Subject Matter Jurisdiction

In general, Plaintiff may establish the court's subject matter jurisdiction in one of two ways.  First, Plaintiff may invoke the court's "diversity jurisdiction," which applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).  To premise jurisdiction on diversity, Plaintiff must include in the Complaint allegations regarding both the diversity of citizenship and the proper amount in controversy.  *See Rilling v. Burlington N. R.R. Co.*, 909 F.2d 399, 400-01 (9th Cir. 1990).  Alternatively, Plaintiff may assert that Defendant violated the Constitution, a federal law, or treaty of the United States. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

### 1.    *Diversity*

Plaintiff fails to assert, and apparently cannot assert, the existence of diversity jurisdiction.  The Complaint alleges that Plaintiff is "of Kahulua, Maui," with a mailing address of "543 Lono Ave., Kahului, HI 96732,"[2] and the

---

[2] During the July 15, 2019 hearing, Plaintiff confirmed that she no longer lives in Hawaii, having moved to Washington state after the filing of the Complaint.  For purposes of diversity jurisdiction, however, "a party's citizenship . . . is determined as of the time of filing and later changes to that citizenship cannot create or destroy diversity."  *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1066 (9th Cir. 2019) (citing *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 575-76 (2004)); *see also Grupo*, 541 U.S. at 570 (recognizing that under well-settled law, "the jurisdiction of the court depends upon the state of things at the time of the action brought") (citation and quotation marks omitted).

Defendant is the County of Maui's Parks and Recreation Division that oversees a county park located at "931 Makawao Ave., Makawao[,] HI 96768." ECF No. 1 at PageID #1. Because both Plaintiff and Defendant were citizens of Hawaii at the time the Complaint was filed, diversity does not exist. The court therefore finds that Plaintiff has failed to establish a basis for the court's diversity jurisdiction.

### 2. *Federal Question*

Nor has Plaintiff alleged a cognizable basis for federal question jurisdiction. The Complaint asserts a claim pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Long v. Cty. of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)); *see also* 42 U.S.C. § 1983.

Here, the Complaint does not allege a plausible violation of a federal constitutional right or law. The Eighth Amendment protects from cruel and unusual punishment only those who are convicted by the state of a crime. *See Graham v. Connor*, 490 U.S. 386, 392 n.6 (1989); *Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.") (citations omitted). Based on the facts alleged, the Eighth

Amendment does not apply.  And during the hearing, Plaintiff did not assert violation of any other constitutional provision or federal law.  Nor is the court aware of another constitutional provision or federal law that could be implicated under the facts of this case.  Because Plaintiff has failed to state a plausible claim under 42 U.S.C. § 1983 for violation of her constitutional civil rights, or for violation of any other federal law, her § 1983 claim is DISMISSED without leave to amend.

And absent diversity jurisdiction or a viable federal claim, this court lacks subject-matter jurisdiction.

## B.      Supplemental Jurisdiction Over State-Law Claims

Plaintiff's remaining claims are state-law claims over which this court could have only supplemental jurisdiction.  *See* 28 U.S.C. § 1367(c).  But under 28 U.S.C. § 1367(c)(3), "district courts may decline to exercise supplemental jurisdiction over [state-law claims] if . . . the district court has dismissed all claims over which it has original jurisdiction[.]"

"[W]hen deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (quoting *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).  "[I]n the usual case in which

all federal-law claims are eliminated before trial, the balance of factors will point towards declining to exercise jurisdiction over the remaining state-law claims." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (quoting *Carnegie Mellon Univ.*, 484 U.S. at 350 n.7).

Here, there is no basis for diversity jurisdiction and Plaintiff's § 1983 claim is dismissed without leave to amend. Thus, pursuant to § 1367(c), the court declines supplemental jurisdiction over Plaintiff's state-law wrongful death and negligence claims and DISMISSES them without prejudice.

## V. <u>CONCLUSION</u>

Based on the foregoing, Defendant's Motion to Dismiss is GRANTED. Plaintiff's Complaint is DISMISSED for lack of subject matter jurisdiction and without leave to amend in this court. Plaintiff may file her state-law claims in state court. The Clerk of Court is DIRECTED to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 16, 2019.



  /s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge


*Costales v. City & Cty. of Maui Parks & Recreation Division*, Civ. No. 19-00146 JMS-KJM, Order Granting Defendant's Motion to Dismiss Complaint, ECF No. 13